HARRIS and wife, Respondents, vs. HALVERSON and others, Appellants.

*November 10, 1926—February 8, 1927.*

*Specific performance: By vendor against heirs of deceased vendee: Rights of vendor if vendee's estate is probated: Failure to file claim: Statutes applicable: Sale of lands on decree of specific performance: Disposition of proceeds: Deficiency judgment: Surplus over vendor's claim: Personal liability of heirs.*

1. It must be assumed that in enacting sec. 296.02, Stats., defining the power of the circuit court to entertain an action for the specific performance of an agreement made by a party since deceased, the legislature had a specific purpose in mind, and all statutes applicable must be harmonized if possible. pp. 76, 77.
2. Said sec. 296.02 is applicable to an action brought by the vendor as well as to one brought by the vendee. p. 76.
3. Where the purchaser defaults, the vendor may bring either an action for strict foreclosure, for specific performance, or to declare the contract at an end. p. 77.

4. A vendor seeking specific performance must tender a deed to become effective upon compliance with the terms of the contract by the purchaser, since the vendor cannot retain title and at the same time recover the purchase price; but until payment of the purchase price the vendor retains the legal title as security for any unpaid amount.  p. 77.

5. In an action by the vendor for the specific performance of a land contract, the circuit court may order a sale of the land and direct application of the proceeds to the payment of the amount due; and if the proceeds exceed the amount to which the vendor is entitled, the excess belongs to the purchaser. If, however, the proceeds are insufficient to pay the debt, the court will retain jurisdiction and order a deficiency judgment enforceable by execution against all of the assets of the purchaser not exempt from execution.  p. 77.

6. Where the purchaser is dead and no order has been made by the county court in probate limiting the time for creditors to present their claims and no notice thereof is given, the vendor may enforce specific performance and have a sale of the land and a deficiency judgment; but no deficiency judgment will be awarded if the vendor has failed to file his claim against the estate of the vendee within the time fixed for filing it.  p. 78.

7. That claims of creditors should be paid from the proceeds of personal property is both statutory and recognized in law generally, and the devisees take the property free from the claims of creditors when the personal property is sufficient to pay debts.  p. 81.

8. Though the heirs of the purchaser paid a note given by the deceased purchaser to the vendor as an initial payment for the land before the expiration of the time for filing claims, and paid interest on the unpaid sums for upwards of four years, they did not thereby assume any personal liability and are not estopped to repudiate the contract.  p. 82.

9. Such heirs, under the circumstances, had the right to pay up the contract or to repudiate it without assuming a personal liability.  p. 82.

APPEAL from a judgment in favor of plaintiff in the county court of Lafayette county: S. E. SMALLEY, Acting Judge. *Affirmed in part; reversed in part.*

The action is brought to enforce specific performance of a land contract and for reformation of such contract, the prayer for reformation in the complaint being based on mutual mistake in the description of the property.

On the 5th of April, 1919, *George Harris,* one of the plaintiffs, being the owner of certain real estate situated in the county of Lafayette, executed a land contract in writing (in which his wife joined) to one Ole Halverson for the sale of said real estate for the sum of $30,000, accepting as a down payment the note of Halverson for $4,000, which matured on March 1, 1920.

Ole Halverson died intestate on December 6, 1919, leaving surviving him, as his sole heirs at law, his widow, the defendant *Carrie Halverson,* and six children, being the other defendants in the action. Upon an application to the county court in probate of Iowa county the widow was appointed the administratrix of Ole Halverson's estate, and in the due course of the administration of said estate the probate court by an order limited the time for creditors to file claims to April 16, 1920. No claim of the plaintiffs herein was filed in the matter of said estate, and at the close of the administration proceedings towards the end of the year 1920 the final account of the administratrix was filed and allowed, and the residue of the estate, both real and personal, was by the decree of the court assigned and distributed among the heirs at law according to the statutes.

Before the time for filing claims expired the note above mentioned for $4,000 was paid by the defendants, and thereafter until the year 1924 taxes on the real estate described in the contract, together with the interest on the amounts due on the contract, were paid. In the meantime, owing to the slump in the values of farm property, the value of this property decreased about fifty per cent., and the defendants concluded to abandon their interests in this property and so notified the plaintiffs, and thereafter made no further payments, whereupon this action, having for its main purpose the specific performance of said contract, was commenced and prosecuted against the defendants herein.

At the conclusion of the trial the court filed its findings of

fact and conclusions of law, wherein among other things specific performance of the land contract was ordered and adjudged, the amount due thereon ascertained and fixed, the land was ordered to be sold, and a lien also was ordered upon all the other real estate of the deceased, Halverson, which descended to the defendants, for the payment of the amount due or to become due; and judgment having been entered upon such findings, the defendants have prosecuted this appeal.

A palpable mistake appearing in the description of the property, the court also ordered a reformation of the contract, and the description was corrected.

Further facts will be found in the opinion.

For the appellants there was a brief by *T. J. Webb* of Blanchardville and *H. E. Carthew* of Lancaster, and oral argument by *Mr. Carthew*.

For the respondents there was a brief by *Fiedler, Jackson & Boardman* of Mineral Point, and oral argument by *N. S. Boardman*.

The following opinion was filed December 7, 1926:

DOERFLER, J. The vital issue presented on the appeal embraces a question of the jurisdiction of the county court of Lafayette county (such court having jurisdiction of actions for specific performance, like that of the circuit court), it being argued by plaintiffs' counsel that such county court had full and adequate jurisdiction to grant full relief in the action for specific performance as prayed for in the complaint and as ordered and adjudged by such court; while the defendants' counsel insist that the only remedy afforded to the plaintiffs under the statutes consisted in the filing of their claim in the probate proceedings in the matter of the estate of Ole Halverson, deceased, in the probate court of Iowa county.

Defendants also claim that, inasmuch as they were not

parties to the original contract, the court could not declare and enforce a lien for a deficiency for any amount as to any property which descended to them under the statutes of inheritance, other than the specific property involved in the land contract.

It is freely conceded by plaintiffs' counsel that the present action is prosecuted under the provisions of sec. 296.02 of the Statutes (formerly sec. 3499), and the court in its opinion fully agreed with plaintiffs' counsel in that behalf. Ch. 296 of the Statutes of 1925 is entitled as follows: "Estates of Wards; Specific Performance; Change Names and Establish Heirships." Sec. 296.02 is as follows:

*"Specific performance of contract.* The circuit court shall have power to authorize or compel the specific performance of any bargain, contract or agreement made by any party who may die before the performance thereof, or by any person incompetent to manage his affairs by reason of insanity, idiocy, unsoundness of mind or habitual drunkenness, while he was capable of conducting his affairs, by any infant heir or devisee or other person, or by such incompetent person or his guardian, on the petition of the executors or administrators of such deceased person, the guardian of such incompetent person or of any other person interested in such bargain, contract or agreement."

Ch. 313 of the Statutes of 1925 is entitled "Proof and Payment of Debts and Legacies." Sec. 313.08 under said chapter (formerly sec. 3844) provides as follows:

*"Statute of limitations.* Every person having a claim against a deceased person, proper to be allowed by the court, who shall not after notice given as required by sections 313.03 and 313.04, exhibit his claim to the court within the time limited for that purpose, shall forever be barred from recovering such demand or from setting off the same in any action."

Sec. 313.09, Stats. 1925 (formerly sec. 3845), provides:

*"Actions against executors, etc.* No action shall be commenced against an executor or administrator, excepting ac-

tions for the recovery of specific real or personal property, or actions to establish, enforce, or foreclose a lien or right of lien, on real or personal property, or to quiet title or remove a cloud on title, to construe wills, enforce the liability of stockholders, to avoid fraudulent conveyances, to affect or pass the title to real property and other actions in which the county court cannot afford a remedy as adequate, complete, prompt or efficient as the circuit court. Nor shall any attachment or execution be issued against the estate of the deceased or the executor or administrator thereof, until the expiration of the time limited for the payment of debts, except as provided in sections 266.25 and 272.14. Nothing in this section shall prevent any person having a lawful claim against a deceased person from bringing an action therefor against the executor, administrator, heir, devisee, or legatee of such deceased person, when no time has been fixed in which creditors may present their claims against the deceased for allowance, or when no notice of such limitations has been ordered or given."

Sec. 313.22 (formerly sec. 3858) and sec. 313.23 (formerly sec. 3859) provide for the filing of a contingent claim and the manner of payment thereof. Sec. 313.24 (formerly sec. 3860) and sec. 313.25 (formerly sec. 3861) provide for the presentation and payment of subsequently accruing claims.

The legislature in using the language contained in sec. 296.02, defining the power of the circuit court to entertain actions for specific performance of any bargain, contract, or agreement made by any party who may die before the performance thereof, on petition of the executors or administrators of such deceased person or any other person interested in such bargain, contract, or agreement, did not legislate in vain; and it must be assumed that it had a specific purpose in mind. The language is broad and inclusive, and must be held to apply not only to an action brought by the vendee but also to one brought by the vendor. If this were the only statute upon the subject, the jurisdiction of the cir-

cuit court to grant the relief prayed for could not be successfully denied. The legislature, however, has seen fit to enact other statutes expressly designed to furnish a remedy plain and simple in its nature with respect to claims of creditors against decedents, and it therefore devolves upon the court, in a case like this, to construe not only one statute, but all statutes applicable, in such a manner as will harmonize them if possible. The vendor in a land contract, where the vendee has defaulted, can pursue one of three remedies: first, he may bring an action for strict foreclosure; second, he may bring an action for specific performance; and third, he may bring an action to declare the contract at an end. *Oconto County v. Bacon,* 181 Wis. 538, 195 N. W. 412. When an action for specific performance is brought, the plaintiff is required to tender a deed to become effective upon compliance by the vendee with the terms of the contract. In other words, the action being an equitable one, he cannot both retain the title to the property absolutely and at the same time recover the full amount of the purchase price. However, until the payment of the purchase price is made he retains the legal title and holds the same subject to the payment, as security for any unpaid amount. The position of a vendor in a land contract is in many respects similar to that of an equitable mortgagee. In an early case, *Button v. Schroyer,* 5 Wis. 598, in speaking of the relationship of a vendor and vendee in a land contract, the court said:

"The relation between the parties is analogous to that of equitable mortgagor and mortgagee. The former has an equity of redemption, the latter has the correlative right of foreclosure."

In an action brought by a vendor for specific performance of a land contract, the circuit court is authorized to order the land described in the contract sold and to direct that the proceeds be applied to the payment of the amount due there-

on. By tendering the deed to the vendee, or by depositing the same with the court, the vendor in legal effect expresses his intention to part with the title to the vendee upon performance by the latter of the terms of the contract, and, on the failure of the vendee to perform, the property may be ordered sold by the court. The vendor cannot both retain title and accept the proceeds of the sale. A situation can readily be conceived where the proceeds derived from a sale may exceed the amount due or to become due to the vendor, and in that event he is not entitled to the full proceeds realized on the sale, but to such an amount only as may be necessary to pay his full claim, together with the costs and disbursements of the action, and the balance then would belong to the vendee. So that while in the proceedings up to the time of the sale the vendor retains the title as security for the amount which may be due, as to the proceeds he acquires a vendor's lien. When the property described in the land contract has been sold under the direction of the court, and where the proceeds are sufficient to pay in full the amount provided for by the decree, specific performance will then be accomplished fully. Where, however, a deficiency occurs, there will still be outstanding an unsatisfied portion of the plaintiff's claim. Therefore, the court in an equitable action having assumed jurisdiction of the matter, in order to do complete justice will further retain jurisdiction and order a deficiency judgment, which may be enforced by the aid of an execution.

During the lifetime of the vendee in a land contract, where a default occurs, he subjects not only the property contracted for to the payment of the amount due or to become due, but all of his other assets, both real and personal, subject to prior liens, excepting only such as may be exempt. This liability is not extinguished by the death of the vendee, but finds full recognition both by the provisions of sec. 296.02 of the Statutes and the probate statutes above referred to, with respect

to the claims of creditors. The change which results by the death of the vendee is not manifested by a modification of the *right,* but by the creation of a new *remedy.* All of the assets of the deceased are still available to the vendor; but as the probate court has no jurisdiction to enforce specific performance in so far as it involves the property described in the contract, it has full power and jurisdiction, where a claim has been duly filed, to order payment of the claims of general creditors. As to the real estate described in the contract, the vendor is not a general creditor. He retains the title until the sale, as security for the payment of his claim, and acquires a lien upon the proceeds, which security and lien are superior to the claim of general creditors and can be defeated only by prior liens. He occupies, as has heretofore been said, the position of an equitable mortgagee, and with respect to any deficiency he is in no better position than a mortgagee under a mortgage.

In the case of *Pereles v. Leiser,* 119 Wis. 347, 96 N. W. 799, it was held with respect to the rights of a mortgagee as follows:

"If no claim . . . is presented against the estate of the deceased maker within the time limited for such presentation, under sec. 3844 of the Statutes, personal liability on the note is extinguished and a subsequent judgment for deficiency against the executor of the deceased maker is erroneous."

In a similar case, *Franklin v. Killilea,* 126 Wis. 88, 104 N. W. 993, it is said in the opinion:

"This limit of time for the filing of claims against the estate was not extended by the court. The plaintiff filed no claim against the estate on the note in question. It has been repeatedly held that all claims against estates must be made and exhibited to the court within the time limited by the court, and under sec. 3844, Stats., a person failing to so present a claim is to be 'forever barred from recovering such demand or setting off the same in any action whatever.'"

So that it appears from sec. 313.09 that the present action for specific performance could have been prosecuted to its fullest extent had no time been fixed in which creditors might present their claims against the deceased for allowance and had no notice of limitations been ordered or given. The full remedy is not available where the requirements of the probate statutes in relation to the administration of estates have been complied with; and in harmonizing the foregoing statutes we must inevitably arrive at the conclusion that the action for specific performance referred to in sec. 296.02 is such an action as is authorized by the provisions of sec. 313.09, and none other, and that any claim for deficiency in the instant case is barred.

Giving full effect to all of the provisions of the statutes above referred to, in an attempt to harmonize the same, we conclude:

*First.* That the action for specific performance can be properly brought by a vendor in a land contract in the circuit court or in any other court having concurrent jurisdiction, in a case where no executor or administrator has been appointed, or where no order has been made by the county court in probate limiting the time for creditors to present claims, and where no notice of such order has been given as required by the statute.

*Second.* That under the provisions of sec. 296.02, Stats., an action for specific performance may be brought, but that full performance cannot be enforced or decreed by a court where a creditor has failed to file his claim in the proper probate court, where the estate of the deceased is administered.

The position of the heirs in the instant case is not unlike that of an assignee holding an assignment from the vendee, which assignment contains no covenants by which the assignee, for a valuable consideration, assumes and agrees to

pay the debt created by the land contract. In such a case the vendor's remedy, which involves the appropriation of the proceeds of the land, can be enforced against the assignee; but if the vendor desires a personal judgment he must look to the vendee and not to the assignee. This has been so often and universally held as not to require the citation of authority. In the instant case, after the administration of the deceased's estate was finally disposed of by the final decree, there was on hand the proceeds of personal property in excess of $13,000, an amount almost sufficient to pay any deficiency. Had the plaintiffs filed their claim, the heirs could have insisted upon the application of these proceeds to the payment of the debts of the deceased. The claims filed in the matter of the estate were almost negligible in amount. In many cases, if not in the great majority, the entire claims of creditors can be paid out of the personal property, thus avoiding the necessity of an action for specific performance. That claims of creditors should be paid out of the proceeds of personal property wherever possible, is not only provided for by statute but is recognized in law generally, and devisees who are not expressly or impliedly burdened with the payment of claims are entitled to the real estate, exonerated from claims, where the personal property is sufficient to pay the same; and in any event, the proceeds of personal property not exempt constitute the primary fund under the law, from which claims must be paid. To hold otherwise would have a tendency to upset the entire statutory scheme respecting the payment of claims of creditors of deceased persons.

Plaintiffs' counsel ingeniously argue that by reason of the fact that the defendants paid the note for $4,000 before the expiration of the time for filing claims, and because they also paid the interest on the unpaid sums for a period of upwards of four years, they therefore created a situation which made manifest their intention not to hold plaintiffs to the

limitation statute applicable to the filing of claims in probate court. With this view we cannot agree. The probate court by its order limited the time, and notice was duly given. This order and notice were directed against all creditors, including the plaintiffs. The defendants had the right to pay up this contract if they desired, or to repudiate it. They paid the instalment of $4,000, and further paid the interest and taxes, until they realized that to carry out the bargain would be disastrous to them, owing to the unforeseen and unexpected deflation in the value of property. The payments made in the meantime inured to the benefit of the plaintiffs, and during this period the defendants had the use and possession of the land. The defendants at no time assumed a personal liability, and their conduct at no time was such as to estop them from maintaining their rights.

*By the Court.*—The judgment of the lower court in so far as it decreed a sale of the land covered by the land contract and the application of the proceeds towards the payment of plaintiffs' claim, and in so far as it reformed the contract, is affirmed. The balance of the judgment is reversed and set aside, and the cause is remanded for further proceedings in accordance with this opinion.

A motion for a rehearing was denied, with $25 costs, on February 8, 1927.