DONALD W. SAUNDERS, Plaintiff, *v.* PHILIP DELARIO and CLARA DELARIO, Defendants.

Supreme Court, Monroe County, January 3, 1930.

*Percival W. Gillette,* for the plaintiff.

*Salavatore M. LoMonaco,* for the defendants.

RODENBECK, J. The provision in our practice relating to summary judgment was first suggested by the Board of Statutory Consolidation. (See reports by Board of Statutory Consolidation to Legislature in 1912, 1915 and 1919.) It was not adopted, originally, by the joint legislative committee appointed to consider the report of the Board of Statutory Consolidation (See report of 1919), but, later, it was inserted, and has become rule 113 of our Rules of Civil Practice. The idea of summary judgment was borrowed by the Board from the English and New Jersey practice, and has served a very useful purpose in uncovering sham and false defenses where no defense exists. No limitation of time for making the motion is imposed by the rule authorizing it and it is not analogous to a motion on the pleadings. Both of these motions are in the interest of expedition, by determining in advance of a trial whether or not there is an issue in the case to try.

Motions such as these should be encouraged and should not be barred by unnecessary limitations of time within which they may be made. It is in the interest of litigants to get all preliminary motions out of the way as soon as practicable, and the general motion for that purpose, existing in other jurisdictions, might well be followed in this State. (See report of Board of Statutory Consolidation of 1915, § 32, and rules 241–244, and the report of 1919, § 22.) There is, of course, the omnibus motion (Civ. Prac. Act, § 117), but that is not the same as the general motion referred to. There is still too much of the ancient atmosphere about our practice.

In this case there is a general denial, but no answering affidavits. The motion is granted, with costs.

So ordered.