HAAS, as guardian, Appellant, vs. WELCH and another, Respondents.

*January 11—February 9, 1932.*

For the appellant there was a brief by *Gooding & Gooding* of Fond du Lac, and oral argument by *J. M. Gooding.*

For the respondents there was a brief by *Hooker & Wagner* of Waupun, and oral argument by *Edward H. Hooker* and *W. A. Wagner.*

FRITZ, J. The sole question on this appeal is whether the guardian of a minor was authorized in February, 1927, by sec. 319.35, Stats., to lease his ward's land for a period which would terminate during the guardianship, without obtaining the license or approval of a court or judge, under sec. 296.11, Stats., or ch. 320, Stats. 1927 (formerly sec. 3996 of ch. 171, Stats.). The provisions of sec. 296.11, Stats., and ch. 320, Stats. 1927, relate to the disposition by sale or mortgage of a ward's lands by his guardian, as well as to the leasing of such lands, upon obtaining judicial license

or approval. The dispositions, whether by sale, mortgage, or lease, which those provisions authorize, upon obtaining judicial license or approval, are not limited to dispositions for periods or terms which terminate with guardianship or disability of the ward. On the contrary, those provisions authorize, subject to judicial approval, not only the leasing of the ward's lands without any limitation whatsoever as to the period of the lease, but also the absolute and unconditional disposition of the entire fee title by sale or mortgage, the effect of which will extend beyond the period of the ward's guardianship or disability. Those provisions, requiring such judicial approval, were in force and effect in 1867 and prior thereto, and their scope and effect extended to any and all dispositions of a ward's interest in land, regardless of the nature or term of the disposition, whether by lease or otherwise. Then in 1867, without any express reference to any of the existing statutory provisions relating to a guardian's authority to sell or lease his ward's lands, the legislature enacted ch. 76, Laws of 1867, which (with inconsequential changes in wording) is now sec. 319.35, Stats., and reads as follows:

"The guardian of any person is authorized and empowered to make leases of and grant easements upon the lands of any such person in the same manner, for the same purpose and with the same effect as such person might do if of full age and under no legal disability. But any estate, lease, right or easement granted by any such guardian shall terminate with the guardianship or disability of the ward."

There was presumably some purpose in adding that enactment to the existing statutes. "It must be presumed that the legislature did not intend to legislate in vain, and that it had a specific purpose in mind." *Harris v. Halverson,* 192 Wis. 71, 76, 211 N. W. 295. However, if judicial license or approval was still to be required, even as to leases or grants which were limited to termination within the period

of the guardianship, then no purpose whatsoever was to be served by that enactment, for dispositions, only upon obtaining judicial approval, were adequately authorized by the existing statutes. On the other hand, if due consideration and effect is given to the provision in ch. 76, Laws of 1867, that the unconditional authority and power thereby expressly conferred upon a guardian is limited to leases and grants which shall terminate with the guardianship or disability of the ward, then the occasion and purpose for that legislation is clearly manifest. It has carved out of all possible dispositions of a ward's interests in lands, such dispositions by lease or grant as shall terminate with the guardianship or disability of the ward; and as to that limited class of dispositions, it has conferred upon the guardian directly—by virtue of the statute itself—authority and power to act without also obtaining judicial approval. There are certainly such inherent differences between dispositions, the scope and effect whereof do not extend beyond the contemplated period of guardianship, and those which, in point of time, do extend beyond that period and thus encroach upon the ward's rights and prerogatives in relation to his property upon the termination of disability, that the guardian may rightly be empowered to exercise his authority with less restriction as to dispositions which are in the former class, than as to dispositions which are in the latter class. Undoubtedly, because of those inherent differences, it was the intention and design of the legislature, in enacting ch. 76, Laws of 1867, to relieve the guardian of the necessity of obtaining judicial license or approval when making leases or grants for such limited periods. It is unlikely that the omission in that enactment to require such approval occurred inadvertently.

All other existing statutes relating to guardian's sales, mortgages, or leases of lands, and also the provisions of the section, now numbered 319.26, Stats., expressly required

such judicial approval, and the omission to continue that requirement in the new enactment, which related only to a more limited class of dispositions, is significant and was undoubtedly intentional.

It follows that, as the lease in question was for a term which was to terminate during the minority of the ward, it falls within the limited class of leases or grants as to which the guardian had the authority and power to act conferred upon him unconditionally by sec. 319.35, Stats., rather than the limited authority to act only upon obtaining judicial license or approval, as is now provided in sec. 296.11, Stats., or as was also provided in sec. 320.01, Stats. 1927. Consequently, the lease is valid, and plaintiff is entitled to recover for rentals accruing thereunder.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff for the damages sustained by defendants' breach of the lease.