JEFFERSON GARDENS, INC., Respondent, vs. TERZAN, Appellant.

*October 8—November 6, 1934.*

*Charles L. Muller* of Milwaukee, for the appellant.

For the respondent there was a brief by *Gold & McCann,* attorneys, and *Morris Karon* of counsel, all of Milwaukee, and oral argument by *Mr. Karon.*

FOWLER, J. The plaintiff sued at law in the civil court of Milwaukee county to recover $1,295, the portion of the purchase-price of land due on a land contract remaining unpaid. The defendant by answer denied the execution of the contract and alleged that the plaintiff fraudulently represented that it was the owner of the premises. In immediate connection with the charge of fraud the answer stated that there were two mortgages against the premises, and that the plaintiff "wilfully concealed this fact from the defendant." The defendant also interposed a counter-claim demanding recovery of $2,192.20 paid by him on the contract.

The plaintiff moved for a summary judgment under sec. 270.635, Stats., and presented in support of the motion an affidavit setting forth the land contract sued upon which was signed by the defendant and the president of the plaintiff corporation. The affidavit also stated that the mortgages against the land were both of record at the time the contract was signed, and that by the terms thereof the land covered by the contract would be released from the lien of the mortgages upon payment of $258 on one of the mortgages and $216 on the other. No counter-affidavit was presented by the defendant. The contract provided that upon payment of the sum due on the contract the plaintiff would

convey the premises to the defendant free and clear of incumbrance.

The civil court first denied the motion for summary judgment, but on reconsideration granted it and entered judgment for the amount demanded in the complaint. The defendant appealed to the circuit court. That court affirmed the judgment of the civil court and as the plaintiff offered during the argument to deposit with the clerk of the court a deed of the premises, an abstract showing good title except as to the two mortgages, and releases of the premises from the liens of the mortgages all to be delivered to defendant on payment of the amount adjudged due, an order was entered staying execution for thirty days from the deposit of these documents and directing their delivery upon payment of the judgment.

Our summary-judgment rule was taken from the New York statute. This statute had been interpreted by the New York courts before it was adopted by court rule. When a statute of one state is adopted by the legislature of another, the interpretation given by the courts of the state from which it was adopted is a part of the statute, and the courts of the state that adopt the statute adopt the interpretation previously given by the court of the other state. *Ditsch v. Finn,* 214 Wis. 305, 252 N. W. 562. We accept and adopt the interpretation of the New York statute given by the New York courts. According to that interpretation, as the defendant did not deny the allegations of the affidavit presented by the plaintiff in support of its motion, the allegations of that affidavit are taken as true. *Hoof v. John Hunter Corp.* 193 N. Y. Supp. 91; *Maltz v. Daly,* 120 Misc. 466, 198 N. Y. Supp. 690; *Saunders v. Delario,* 135 Misc. 455, 238 N. Y. Supp. 337.

The claim of non-execution of the contract is based on the proposition that as sec. 235.19 (2), Stats., provides that a conveyance by a corporation of interest in real estate shall

be signed by the president and secretary of the corporation, and the contract was signed by the president only, the contract was void, and therefore no contract was executed. This claim rests wholly upon a proposition of law and is the only claim of defendant that he can stand upon, as the allegation of non-ownership of the property evidently rests on the false assumption that the existence of the mortgages negatives ownership in the plaintiff, and the bare allegation in the answer that the plaintiff wilfully concealed from defendant the existence of the mortgages is manifestly insufficient to state a defense or a counter-claim for recovery of payments made on the ground of fraud.

The claim that the contract is void because not signed by the secretary of the corporation is without merit. Granting that the land contract conveys to the vendee an interest in the land covered by it, the statute relied on only affects the recordability of the contract and the rights of subsequent purchasers of the land who purchase from the vendor in ignorance of the existence of the contract. The contract is good between the parties. This was settled as the law of this state by the decision in *Leinenkugel v. Kehl,* 73 Wis. 238, 40 N. W. 683, which reviewed the earlier decisions of this court and has been consistently followed ever since. *Welsh v. Blackburn,* 92 Wis. 562, 564, 66 N. W. 528; *Harrass v. Edwards,* 94 Wis. 459, 463, 69 N. W. 69; *Marvin v. Anderson,* 111 Wis. 387, 392, 87 N. W. 226. These cases involve deeds not witnessed or acknowledged according to the statute. But the provision respecting the signatures of the president and secretary of a corporation is incorporated in the same statute with those respecting witnesses to signatures and acknowledgment. Sec. 235.19. The one provision of the statute is subject to the same construction as the others, so far as the purpose of the provisions and the effect of non-compliance are concerned. The president of the

plaintiff corporation was authorized to act for the corporation in the matter, and any memorandum satisfying the statute of frauds, secs. 240.06 and 240.08, Stats. 1933, signed by an authorized agent of the vendor is valid and enforceable. *Douglas v. Vorpahl,* 167 Wis. 244, 166 N. W. 833; *Russell v. Ives,* 172 Wis. 123, 178 N. W. 300.

The defendant contends that the summary-judgment statute does not apply because under a statement in the opinion in *Harris v. Halverson,* 192 Wis. 71, 77, 211 N. W. 295, the vendor in a land contract is limited to one of three remedies, strict foreclosure, suit for specific performance, or an action to declare the contract at an end; that as this action is neither one of strict foreclosure nor to terminate the contract it is necessarily one for specific performance; and that specific performance is an equitable action, of which the civil court of Milwaukee county has no jurisdiction and to which the summary-judgment statute does not apply. It is true that specific performance is an equitable remedy. Ordinarily when suit for specific performance is brought by a vendor, the vendor prays judgment that specific performance be decreed; that recovery of the amount due be awarded; and that a lien on the premises for the amount due be decreed. If the plaintiff herein were asking that he be decreed a lien on the premises for the amount of the recovery, perhaps the point might be ruled in defendant's favor, as the summary-judgment rule applies only to actions on contract for recovery of liquidated damages, and the civil court of Milwaukee county has no equitable jurisdiction. But the plaintiff is only asking for a judgment for recovery of liquidated damages, and the case falls expressly within the language of the summary-judgment rule. And it has been directly held by this court that a vendor under a land contract may sue at law for the recovery of money due thereunder. *Shenners v. Pritchard,* 104 Wis. 287, 80 N. W. 458; *Foster v. Lowe,* 131 Wis. 54,

110 N. W. 829; *Collins v. Schmidt,* 126 Wis. 227, 105 N. W. 671. While the *Harris Case, supra,* uses language which taken literally might be construed as indicating that an action at law does not lie, but only one for specific performance or one of the others mentioned, there was no intention to overrule or modify in any respect the rule of these cases. The case of *Oconto Co. v. Bacon,* 181 Wis. 538, 195 N. W. 412, is cited in the *Harris Case* as authority for the statement relied on, and this case expressly gives suit to recover the purchase-price as one of the three remedies open to a vendor on breach of a land contract by a vendee, and cites the *Shenners* and *Foster Cases* as establishing that rule beyond doubt, and both these cases were actions at law. In the *Shenners Case* it is expressly stated, page 292, that the vendor "may elect to sue for the unpaid purchase price or for specific performance." This statement is approved in the *Foster Case,* page 58.

The defendant also contends that the judgment of the civil court was void because that court's jurisdiction at the time the judgment was rendered was limited to cases involving $2,000 or less, and the defendant by counter-claim demanded judgment for more than that amount. But the counter-claim, as above stated, fails to state a cause of action for the recovery of any amount. As no amount whatever is recoverable under the allegations of the counter-claim, the mere fact that the defendant asks for a judgment in his favor for an amount in excess of $2,000 cannot operate to oust the court of jurisdiction to determine the plaintiff's cause of action for less than that amount.

The defendant also contends that the plaintiff was not entitled to judgment because it did not tender a deed to defendant before commencing the action. But the language of the contract did not require it to tender a deed. It provides for delivery of a deed "when the purchaser shall have made all

payments" he is obligated to make by the contract. This implies that the payments shall precede delivery. The *Shenners, Foster,* and *Schmidt Cases, supra,* rule the point against the defendant. The contention was there made and the trial courts ruled that tender of a deed was necessary. The contracts therein involved provided for delivery of a deed within a reasonable time after payment should be made. The provision here involved is the equivalent of those involved in those cases. Besides, the circuit court by its order amply protected defendant in the matter of delivery of a deed, by staying issue of execution on the judgment until after a deed was deposited for delivery to plaintiff.

The respondent moved to dismiss the appeal on the ground that the defendant on appealing from the civil to the circuit court gave a bond to pay the judgment if the judgment of the civil court should be affirmed by the circuit court, and the controversy is therefore moot. While the defendant gave a bond as stated, the meaning of it is that, if the judgment of the civil court should be affirmed by the circuit court and the judgment of the circuit court should stand as the final judgment in the litigation, the defendant would pay the judgment. Had the judgment of the circuit court been reversed on the defendant's appeal to this court there would have been no liability upon the bond. The respondent contends that the motion is ruled by *Drinkwine v. Eau Claire,* 83 Wis. 428, 53 N. W. 673, wherein an appeal was dismissed because the statute provided as a condition of an appeal that a bond should be given by appellant for the payment of all costs adjudged against the appellant "by the court." The bond given was for payment of all costs adjudged against the appellant "by the court aforesaid." This court ruled that the bond was insufficient to support the appeal because the venue of the action might be changed to another county, in which case the judgment on appeal would be rendered by another court than "the

court aforesaid" to which the case would go in the first instance on appeal. It is sufficient to say in reply to this contention that the bond here involved is not an appeal bond. No bond on appeal to the circuit court is required. The provisions for appeal from a justice court to the circuit court apply. Sec. 1337, Milwaukee County Laws. The bond was apparently given to stay execution pending appeal, as is provided may be done in appeals from justice court judgments. Sec. 306.04, Stats. The motion to dismiss the appeal must therefore be denied. The defendant may have $10 costs of motion to offset against the costs of the appeal which are awarded to plaintiff.

*By the Court.*—The judgment of the circuit court is affirmed.