ESTATE OF LEHMAN: LEHMAN, Administrator, Appellant, vs. WILHELMS, Trustee, Respondent.

*February 7—March 5, 1935.*

For the appellant there was a brief by *Julius O. Roehl*, attorney, and *Will C. Gobel*, guardian *ad litem*, of counsel, and oral argument by *Mr. Harry G. Slater* and *Mr. Gobel*, all of Milwaukee.

For the respondent there was a brief by *Arthur J. Schmid*, attorney, and *Hammersley & Torke*, and *Carl B. Becker* of counsel, all of Milwaukee, and oral argument by *Charles Hammersley*.

FRITZ, J. On the trial of the issues in relation to the claim which is involved on this appeal the court found (so far as material on this appeal) that, under a land contract, Herman Lehman, as vendee, had agreed that he and his legal representatives would pay to Martha Wilhelms, as vendor, $42,000 for certain land, by paying $5,000 upon the delivery of the contract, and the balance of $37,000 in monthly instalments of $325, commencing July 1, 1926, and also interest on all unpaid balances at six per cent per annum, payable semiannually; that when the unpaid balance with accrued interest was reduced to $20,000, Martha Wilhelms, her heirs or assigns, should execute a warranty deed to Herman Lehman, his heirs or assigns, and he or his heirs or assigns would execute a note and first mortgage upon the property for $20,000, payable within three years from its date, with interest at six per cent per annum; and that the contract recited that there existed a $10,000 mortgage to the First Wisconsin Trust Company, which was an incumbrance on the property, and which would be satisfied when or before the deed was executed. The court further found that, after applying the amounts paid by Herman Lehman, the total amount owing from his estate to the claimant was $28,392.52, with

interest from August 1, 1934, and that of that amount the sum of $8,608.03 was due and owing on August 1, 1934, and that the balance of the claim then owing but not then due from the estate of Herman Lehman was $19,784.49. In connection with those findings the court concluded that there was then due and owing to the claimant from Herman Lehman's estate for principal and interest the sum of $8,608.03, with interest at six per cent from August 1, 1934; that the present value of the balance of the claim against Lehman's estate, which was then owing and would become due in the future, was $19,784.49, with interest at six per cent from August 1, 1934; and that the demand of claimant should be allowed at $28,392.52, with interest from August 1, 1934, but that should not prevent the administrator of Lehman's estate from paying that debt according to the terms and at the time specified in the contract referred to in the findings.

On those findings and conclusions judgment was entered adjudging, (1) that the claim is allowed at $28,392.52, with interest from August 1, 1934; (2) that this shall not prevent the administrator of Lehman's estate "from paying said debt according to the terms and at the time specified in the land contract referred to in the findings;" (3) that if that administrator "pays the principal and interest due on the mortgage of the First Wisconsin Trust Company referred to in the findings that said sum so paid for principal and interest shall be deducted from the amount allowed to claimant;" (4) that if that mortgage is not paid by that administrator, then the claimant shall pay, out of the amounts allowed in the judgment, the principal and interest due on that mortgage debt allowed in the judgment when the claimant's claim is paid by that administrator; and (5) that "upon completion of the payments required to be made by this order or by the terms of the land contract . . . Herman Lehman, his heirs or legal representatives are entitled to a good and sufficient warranty deed in fee simple of the premises above described,

free and clear of all legal liens and incumbrances except the taxes and assessments agreed to be paid by the said Herman Lehman, and except any liens or incumbrance created by the act or default of the said Herman Lehman, his heirs, legal representatives or assigns."

In respect to those provisions in the judgment, appellant contends that, as there was no clause in the land contract which provided for the acceleration of the payments which were to be made in the future, the court erred in allowing the vendee's claim at $28,392.52 as then owing, although, as the court found, only $8,608.03 were then due. However, the correctness of the court's findings and conclusions, that, after deducting those $8,608.03 which were then due, the present value of the balance then owing on the contract was $19,784.49, are not questioned by appellant. Under the provision in the contract, that the vendee, Lehman, "hereby agrees and binds himself, his legal representatives, to pay, or cause to be paid, to the said party of the first part, her heirs or assigns, the sum of" $42,000, Lehman assumed, as to himself and the legal representatives of his estate, liability that could be enforced against any of his property which was not subject to a specific lien, and that liability did not terminate upon or by reason of his death. Upon any default in making payment, the holder of the vendor's rights could elect to sue for the unpaid purchase-money which was due (*Oconto Co. v. Bacon,* 181 Wis. 538, 195 N. W. 412; *Shenners v. Pritchard,* 104 Wis. 287, 80 N. W. 458; *Harris v. Halverson,* 192 Wis. 71, 211 N. W. 295; *Jefferson Gardens, Inc., v. Terzan,* 216 Wis. 230, 257 N. W. 154) ; and the filing of the vendor's claim, which is involved, herein constituted an election to hold the estate of Lehman for the unpaid purchase-money. Although the purchase-price of $42,000 was to be paid in instalments, some of which had not become due up to August 1, 1934, and of which only $6,750.50 on account of principal and $1,857.45 on account of interest

had become due and remained unpaid, the filing and allowance of the claim for the amount owing but not due, at the present value thereof, in connection with the allowance of the amount past due, was permissible under sec. 313.07, Stats., which provides that, in the administration of estates in probate, the county court "may allow all demands, at the then present value thereof, which are payable at a future day; . . . but this shall not prevent any executor or administrator from paying any debts, according to the terms and at the time specified in the contract." In so far as the amount owing, but not yet due, under the contract, was involved, the judgment which was entered was merely an adjudication allowing the vendor's claim at that amount as its present value and, consequently, in that as well as in other respects that judgment was authorized by, and in accordance with, that statute. That judgment is not, and obviously was not, intended to be the order which in the due course of the administration of an estate is to be made under sec. 313.17, Stats., for the payment of the debts of the deceased. On the contrary, in accordance with, and manifestly in recognition of the provision in, sec. 313.07, Stats., that the allowance of demands at the "then present value thereof, . . . shall not prevent any executor or administrator from paying any debts, according to the terms and at the time specified in the contract," the judgment expressly provided in respect to the time and terms of payment that the allowance of the demand at that then present value "shall not prevent" the administrator "from paying said debt according to the terms and at the times specified in the land contract referred to in the findings."

Thus, in substantially the words in sec. 313.07, Stats., the judgment expressly preserved the right of the estate to pay according to the terms and at the times specified in the land contract, and did not accelerate or require the payment of any amount before due, or otherwise make a new contract

for the parties in any respect. On the other hand, as that judgment expressly preserved the right of Lehman's estate to pay according to the terms and at the times specified in the land contract, there is no basis for appellant's further contentions that the court erred, (1) in requiring payment of any sum except the excess over $20,000 for which claimant had agreed to take a three-year mortgage; and (2) in directing that the estate was entitled to a warranty deed "upon the completion of the payments required to be made by this order or by the terms of the land contract." As the right of the estate to pay according to the terms, and at the times specified in the contract, was expressly preserved by that judgment, it cannot be construed to require payments in cash except for the excess over the $20,000 mortgage. The mere recognition in the judgment that, in the event that the vendee's estate paid the existing mortgage indebtedness for $10,000 owing to the First Wisconsin Trust Company, such payment should be deducted from the amount allowed to the claimant, did not impose any obligation on the estate to pay that indebtedness, or to do anything in relation thereto otherwise than was required by the land contract. Neither was there any error prejudicial to the defendant in adjudging that the completion by the estate of the payments required to be made by the judgment or by the terms of the contract entitled the estate to a warranty deed as prescribed by the contract.

*By the Court.*—Judgment affirmed.