SCHRAB and others, Appellants, v. STATE HIGHWAY COMMISSION, Respondent.

*September 8—October 5, 1965.*

For the appellants there was a brief by *Lueck & Skupnie-witz* of Beaver Dam, and oral argument by *A. W. Lueck.*

For the respondent the cause was argued by *Charles A. Bleck,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *A. J. Feifarek,* assistant attorney general.

WILKIE, J. The sole issue to be resolved on this appeal is whether terms may be imposed against the state by a circuit court as a condition to dismissing an appeal taken to that court pursuant to sec. 32.05 (10), Stats., on an award of a county condemnation commission made pursuant to sec. 32.05.

This was an eminent-domain proceeding under the provisions of sec. 32.05, Stats. Sec. 32.05 (10) (a) prescribes the procedure by which either the state or an affected property owner may appeal to the circuit court from a county condemnation commission's award, and provides in part:

". . . The clerk shall thereupon enter the appeal as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant. It shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions brought therein . . . ."

The section does not provide that a circuit judge may grant a dismissal of such an appeal on terms. In this respect, sec. 32.06, Stats., which concerns condemnation proceedings in other than highways, streets, storm or sanitary sewers, and other specified matters, does provide in part:

"(9) *Abandonment of Proceedings; or Payment of Award.* (a) The condemnor must within 30 days after the date of filing of the commission's award, if it desires to abandon the proceeding, petition the judge of the circuit court of the county wherein the property is situated, upon 5 days' notice by certified mail to the owner, for leave to abandon the petition for taking. The circuit judge shall grant such petition *upon such terms as he deems just, which terms may include reasonable expert witness fees incurred by condemnee for not to exceed 3 expert witnesses and a reasonable attorney's fee both as approved by the judge.* . . ." (Emphasis added.) [1]

These two sections, 32.05 and 32.06, Stats., concern themselves with the same class of persons (the condemnor, whether highway or other use is involved, and the property owners whose property is to be taken if the project is pur-

---

[1] Sec. 32.06 (9) (a), Stats., made applicable to state by sec. 32.17, Stats.

sued). In *State v. Welkos*,[2] the familiar rule of statutory construction was stated as follows:

"In interpreting a statute it is necessary to consider other statutes dealing with the same class of persons." [3]

The legislative history of these two sections indicates that the legislature intended that the circuit court should be free to impose terms in granting a petition where abandonment of a nonhighway (or other specified type not involved here) eminent-domain proceeding is sought (sec. 32.06 (9) (a), Stats.), and intended that the circuit court should not be free to impose terms where dismissal is granted of an appeal taken to the circuit court in a highway-condemnation proceeding (sec. 32.05 (10) (a)).

By ch. 571, Laws of 1919, the forerunner of the present sec. 32.06 (9) (a), Stats., was enacted providing for the discontinuation of any (highway and all others) condemnation proceedings "upon such terms as to the court shall seem just." [4] This section remained unchanged through the years until 1960 when the legislature enacted a comprehensive rewrite of ch. 32, Eminent Domain.[5] The 1919 enactment also provided for the appeal to the circuit court from an award of a highway condemnation commission.[6]

---

[2] (1961), 14 Wis. (2d) 186, 109 N. W. (2d) 889.

[3] Id. at page 190.

[4] Sec. 32.19, Stats. 1919: "ABANDONMENT OF PROCEEDINGS. If any person instituting condemnation proceedings, shall deem it inadvisable to take the real estate at the price fixed by the commissioners or by a jury upon appeal, it may, within thirty days after filing the award of the commissioners or within thirty days after assessment of damages by the jury, discontinue the proceedings upon such terms as to the court shall seem just." Sec. 1, ch. 571, Laws of 1919.

[5] Chs. 639 and 640, Laws of 1959. See also ch. 622 and ch. 682, Laws of 1961, Revisor's Correction Bills.

[6] Sec. 1, ch. 571, Laws of 1919, *supra*, footnote 4. Sec. 32.11, Stats. 1919.

In the comprehensive eminent-domain enactments of 1960, secs. 32.05 (10) (a) and 32.06 (9) (a), Stats., were incorporated in the precise language in force at the time of the instant proceeding. These sections must be considered together. It is clear that although the imposition of terms was contemplated in sec. 32.06 (9) (a) in conjunction with the abandonment of specified types of eminent-domain proceedings, it was not incorporated in sec. 32.05 (10) (a), where an appeal is taken to court in a highway-condemnation proceeding. Although certain costs and interest are allowed under both secs. 32.05 [7] and 32.06,[8] there is no language authorizing the imposition of terms in the dismissal of an appeal brought under sec. 32.05.

Sec. 32.19, Stats. 1957,[9] provided for the imposition of terms in connection with the abandonment of *any* eminent-domain proceeding. Ch. 32, after the 1960 rewrite, provided for terms only in connection with the abandonment of non-highway and other specified types of condemnations under sec. 32.06.[10] As rewritten there was no abandonment procedure (comparable to sec. 32.19, Stats. 1957) spelled out for highway condemnations and thus no provision anywhere

---

[7] Sec. 32.05 (10) (b), Stats.

[8] Sec. 32.06 (10) (b), Stats.

[9] Identical to sec. 32.19, Stats. 1919, *supra*, footnote 4.

[10] A note following the language of sec. 32.06 (9) (a), Stats., in Substitute Amendment No. 1, A to No. 483, A and in No. 483, A (enacted as ch. 640, Laws of 1959) reads as follows: "Sub (9) (a) deals with condemnor's rights to abandon the proceedings. The court may in fixing terms allow reasonable expert fees and a reasonable attorney's fee to condemnee. Such right does not exist today but is reasonable if condemnee is to be made whole."

The precise language of sec. 32.06 (9) (a) and the explanatory note was adopted from the basic report and recommended legislation of the special governor's committee on eminent domain established by Governor Vernon Thomson, which report and recommendation were transmitted to the legislature on December 22, 1958.

in ch. 32 like the old provision in sec. 32.19 as applied to highway condemnations.

Thus, this is an issue settled by the specific statute covering the proceeding which involves sec. 32.05, Stats., and not sec. 32.06. The claim made by appellants that it would be unfair to dismiss the action at the highway commission's request without requiring the commission to pay expenses incurred by the property owners to either substantiate or raise the award made by the condemnation commission, is properly directed to the legislature.

*By the Court.*—Order affirmed.

GORDON and BEILFUSS, JJ. (*dissenting*). The majority opinion, after examining secs. 32.05 (10) (a) and 32.06 (9) (a), Stats., concludes that the legislature intended that courts are not free to impose terms in connection with the dismissal of appeal in a highway-condemnation proceeding. We respectfully disagree with that interpretation.

Sec. 32.06 (9), Stats., deals with the abandonment of the contemplated taking of a parcel of property. In the case at bar, it is not proposed to abandon the condemnation of the appellants' land for use in the project; the highway commission still desires to condemn the property but wishes to forsake only a step in the procedure wherein the question of just compensation is determined. We do not believe that it is appropriate to compare secs. 32.05 (10) and 32.06 (9) in order to determine whether terms may be imposed by the court in a dismissal under the former section.

The circuit court has, in our opinion, inherent equitable power to impose reasonable terms upon all litigants, including the state. The inherent powers of the court were considered in *State v. Cannon* (1929), 199 Wis. 401, 402, 226 N. W. 385, where it was said that courts are:

". . . endowed with all judicial powers essential to carry out the judicial functions delegated to them. . . . These powers are known as incidental, implied, or inherent powers, all of which terms are used to describe those powers which must necessarily be used by the various departments of government in order that they may efficiently perform the functions imposed upon them by the people."

This court has held that "costs" may not be imposed upon the state. *Holton & Hunkel Greenhouse Co. v. State* (1957), 274 Wis. 337, 345, 80 N. W. (2d) 371; *Frederick v. State* (1929), 198 Wis. 399, 400, 224 N. W. 110. However, there is a distinction between "costs" and "terms." When costs are assessed, the amount thereof *must* be paid. There is no alternative; on the other hand, terms do provide an alternative. When the court sets terms, the party burdened thereby has a choice of courses to follow; a judgment requiring payment does not automatically follow.

Although this court is committed to the rule that costs may not be taxed against the state, it is our view that terms may be so imposed in the absence of a legislative provision to the contrary. If the state, as a litigant, engages in conduct which (in the discretion of the court) necessitates the imposition of terms against it, its immunity from "costs" should not insulate it from "terms."