PHILIP E. LERMAN, Chairman, Department of Industry, Labor andHuman Relations
You ask whether your department may lawfully issue child labor permits to girls aged 12 and 13 to be employed as caddies on golf courses. Section 103.70 (1), Stats., provides that "except as otherwise provided" a minor under 18 years of age shall not be employed or permitted to work at any gainful occupation or employment unless a written permit is obtained from your department authorizing such employment. Your question arises as a result of an inconsistency contained in two sections of the statutes relating to child labor.
Chapter 271, sec. 22, Laws of 1971, amended sec. 103.67 (2), Stats., by changing the word "boys" to "minors" under subsec. (d) relating to employment as a caddy on a golf course. Since April 30, 1972, sec. 103.67 (2) (d), Stats., has provided that "Minors 12 and 13 may be employed as caddies on golf courses, if they use caddy carts." Considering alone this amendment, its obvious purpose was to extend to girls aged 12 and 13 the same right to caddy as boys subject to the condition that they use caddy carts.
The problem which you pose is predicated on the fact that your authority to issue a work permit to caddies is limited to boys 12 and older under sec. 103.71 (2), Stats. In an act designed to permit girls to be employed in street trades, ch. 183, Laws of 1973, amended sec. 103.71 (2) to read:
 "A permit shall not be issued authorizing the employment of any minor under 14 years of age at any time, except minors under 14 as provided in s. 103.78, minors 12 and over in school lunch programs, [boys]* minors
12 and over in street trades as provided in ss. 103.21
to 103.31, and boys 12 and over as caddies on golf courses."
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
The seemingly obvious purpose in amending sec. 103.67 (2) (d) now is clouded by this inconsistency where, under the above-quoted portion from ch. 183, girls 12 and over can obtain permits to be employed in street trades but cannot receive a similar permit to be employed as caddies. *Page 515 
In construing statutes, the first goal is to discover the legislative purpose, and when that purpose is discovered, the statute is to be so construed as to effect the evident purpose of the legislature if the language admits of that construction.Pella Ins. Co. v. Hartland Ins. Co. (1965), 26 Wis.2d 29, 41,132 N.W.2d 225; State ex rel. Mitchell v. Superior Court (1961),14 Wis.2d 77, 80, 109 N.W.2d 522. It is fundamental that the spirit and reason of the law prevail over the letter. The basic rule for ascertaining the intent of the legislature is well settled in State ex rel. Time Ins. Co. v. Superior Court (1922),176 Wis. 269, 274, 186 N.W. 748:
 ". . . It has been held that, in order to ascertain the object the legislature had in mind, it is proper to consider the occasion and necessity of the enactment, the defects or evils in the former law, and the remedy provided by the new one, and the statute should be given that construction which is best calculated to advance its object, by suppressing the mischief and securing the benefits intended."
The legislative intent in ch. 271, Laws of 1971, clearly was to expand the rights of girls 12 and 13 years of age to permit their employment as caddies if they use caddy carts. A contrary interpretation would render nugatory the legislature's efforts in enacting ch. 271, Laws of 1971. The presumption that the legislature does not intend to legislate in vain and always has a specific purpose in mind is well established in Wisconsin. Haasv. Welch (1932), 207 Wis. 84, 86, 240 N.W. 789.
In interpreting a statute, it is necessary to consider other statutes dealing with the same class of persons. Schrab v. StateHighway Comm. (1965), 28 Wis.2d 290, 293, 137 N.W.2d 25. It also has long been established that construction of one statute requires harmonizing it with related statutes if possible. Harrisv. Halverson (1927), 192 Wis. 71, 76-77, 221 N.W. 295.
Reading secs. 103.67 (2) (d) and 103.71 (2) can lead to but one logical conclusion because of what the court in Scharping v.Johnson (1966), 32 Wis.2d 383, 394, 145 N.W.2d 691, referred to as "a legislatively dropped stitch." See footnote 6 beginning in32 Wis.2d at 393. It is my opinion that your department may issue child labor permits to girls aged 12 and 13 to be employed as caddies on golf *Page 516 
courses and that sec. 103.71 (2) should be amended to reflect the legislative intent in ch. 271, Laws of 1971.
RWW:DPJ