LEWIS B. DOLGOFF, Appellant, *v.* MAX SCHNITZER and Others, Individually and as Copartners, etc., under the Firm Name and Style of M. SCHNITZER & Co. and Another, Respondents.

First Department, June 6, 1924.

Guaranty — alleged guaranty, attached to contract of sale, stated that defendant would " indemnify " against loss by reason of sale — contract is one of guaranty — sales — action for goods sold and delivered — not necessary for plaintiff to prove compliance with terms of contract of sale relating to advertising, etc.— breach of said covenant may be used as counterclaim but not as defense — defendant's affidavits on motion by plaintiff for summary judgment are insufficient.

A written instrument attached to a contract for the sale of goods containing a provision requiring the guaranty of payment, in which one of the defendants agreed to " indemnify " the seller against any loss by reason of the sale, constitutes a contract of guaranty of payment and not one of indemnity.

It was not necessary in an action for goods sold and delivered to allege and prove that the terms of the contract of sale, which required the seller to advertise the products and to refrain from giving the right to sell merchandise in a certain territory to any one excepting the buyer, had been complied with, since that covenant and the agreement to deliver and pay for the goods are not mutually dependent.

The breach of that covenant may be set up as the basis of a counterclaim but it cannot be pleaded as a defense to the action.

The affidavits presented by the defendants on a motion by the plaintiff for a summary judgment are insufficient in that they are argumentative and do not state any facts substantiating a defense and, therefore, plaintiff's motion for summary judgment should have been granted.

MARTIN, J., dissents.

APPEAL by the plaintiff, Lewis B. Dolgoff, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of October, 1923, denying his motion for summary judgment under rule 113 of the Rules of Civil Practice.

The action is to recover the balance of the purchase price of goods and is against the buyer and against the defendant firm, which the plaintiff alleges guaranteed the payment of the purchase price.

*Nordlinger & Riegelman* [*H. H. Nordlinger* of counsel; *Samuel H. Hofstadter* with him on the brief], for the appellant.

*Bernard Braun* [*Julius Weiss* of counsel], for the respondents.

MCAVOY, J.:

Summary judgment was denied at Special Term, although the proof of the cause of action was completely made out and the defenses attempted to be outlined in the opposing affidavits raised no issues under the defendants' pleading.

Plaintiff's assignor made a contract with one of the defendants, Ravicovitz, which has some of the aspects of a sales agency agreement. The defendants, the Schnitzer firm, executed a writing which it is claimed guarantees the payment of the sums due for the purchase and sale of the goods described in the contract. The so-called guaranty writing follows:

" For value received, I hereby agree to indemnify B. C. Friedman & Sons against any loss by reason of the sale to the said Ravicovitz of products of the said Friedman & Sons delivered to him or for his account in accordance with the terms of the within agreement.

" M. SCHNITZER   [SEAL]<br>By MAX SCHNITZER.

" Witness:<br>     " SALLY JONAS."

This contract is not susceptible of any other construction when its own language is considered in connection with the terms of the principal contract than that it was intended to guarantee plaintiff's assignor for the payment of its products sold to the defendant Ravicovitz in the event that plaintiff's assignor was not paid for them by the purchaser.

The main contract, in referring to the guaranty, says: " The account of the said Ravicovitz with the Company is to be guaranteed both as to the 30,000 pounds for which payment is to be made on or before April 18th, 1922, as also the payment for any additional products purchased. The intent of this section is to completely guarantee the payment in full of all products purchased by the said Ravicovitz."

The term " indemnify " has no other meaning as used in the above paragraph than the term " guarantee " in the light of the nature of the provision for a guaranty in the original agreement. Indemnification has quite another significance if considered apart from the context and judged without relation to the obligation here assumed.

The agreement of the Schnitzers in the case at bar is neither one of indemnity against loss nor of indemnity against liability. An indemnity agreement presupposes that the party indemnified may be compelled to pay, or become liable to pay damages as a result of some action which he is about to take, and it is against such possibility that the indemnity agreement protects him. There was no possibility in the instant case of B. C. Friedman & Sons, Inc., being subjected to any liability. The possibility against which they needed protection was non-payment for the merchandise shipped, and for that protection a guaranty was given.

We hold that the contract was a guaranty of payment and that its making and delivery are made out in the proof.

It is contended, however, that the contract of purchase and sale here is not enforcible without proof that the plaintiff's assignor has performed its duties thereunder amongst which were the obligations to advertise the products and to refrain from giving the right to sell its merchandise in a certain territory described to any one excepting Ravicovitz. The answer to that contention is that there is a prime duty to pay for the goods on their delivery apart from the performance by plaintiff's assignor under the contract and the covenants are in nowise mutually dependent nor intended to be so by their very statement in the contract, nor by reason of the time when performance of each was provided. True, damages may be asserted by way of counterclaim against plaintiff's claim for a breach of covenanted duties unfulfilled, and to the extent of the claim against the assignor at the time of assignment they may be set off against the assignee. But this is not to assert that they may be set forth as a defense only and no affirmative judgment asked, and nevertheless recovered on as a so-called setoff. Our Civil Practice Act, section 270, demands that an affirmative judgment must be demanded in the answer. A request for a money judgment must be in form an affirmative demand, even though the sum asked in the counterclaim equals or is less than plaintiff's claim. This is the true setoff. A counterclaim, says the Civil Practice Act, section 266, is such a plea as tends to diminish or defeat plaintiff's claim. Neither in the answer nor in the defendants' affidavits is there request for nor proof of a claim in diminishment or defeat of the plaintiff's claim. No proof is attempted to be made in the affidavits of damages by way of counterclaim. This would effectually dispose of the asserted loss of profits through breach on the part of plaintiff's assignor.

The opposing affidavits are totally lacking in refutation of plaintiff's proof. One is an argumentative statement of an attorney for the defendants who therein recites the defenses and avers that such allegations as constitute defendants' defense are contained in his pleading. There are no facts asserted by the attorney, as doubtless he does not know the facts. The defendant Ravicovitz sets out his version of the transaction thus: " That he has read the affidavit of Bernard Braun [the attorney] and that the same is true in all respects so far as it relates to the facts in the transaction involved in this litigation and deponent subscribes to the allegations and charges made therein."

As a response to a declaration that goods were sold and delivered under a written contract, and not paid for, obviously this will not do. There might have been submitted no affidavits at all

33

by defendants with as much effect as these have as denials or defenses on the facts. There is apparently no substantial defense sufficient for presentation.

We have ruled that the instrument is one of guaranty of payment; that the cause of action is for goods sold and delivered; that there is no defense or counterclaim properly pleaded or proved, and no other issue remaining.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs for summary judgment.

Clarke, P. J., and Merrell, J., concur; Finch, J., concurs in result; Martin, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.