**584** Conners C. Co., Inc., *v.* Manufacturers & T. Nat. Bank.

Supreme Court, March, 1925. [Vol. 124

William J. Conners Car Company, Inc., Plaintiff, *v.* Manufacturers and Traders National Bank of Buffalo and Others, Defendants.

Supreme Court, Erie County, March 17, 1925.

Banks and banking — checks — action by depositor to recover amount of checks paid on forged indorsements out of plaintiff's funds in payee bank — motion by plaintiff for summary judgment under Rules of Civil Practice, rule 113 — checks made out to fictitious payees and forged and cashed as result of conspiracy of three of depositor's trusted employees — depositor, in support of motion, presented affidavits, executed by said employees while confined in prison upon conviction of forgery, setting out that they forged names on checks — payee bank did not dispute affidavits — affidavits of convicted employees as to forgeries do not present question of fact for jury — defense of negligence and account stated may only be applied to checks cashed by payee bank — paying employees by checks not negligence — depositor entitled to summary judgment against payee bank for entire amount of forged checks — defense of negligence not available to indorser banks brought in by payee bank as defendants — depositor entitled to dismissal of answers of indorser banks — denials in said answers not sufficient to raise issue on motion for summary judgment — payee bank entitled to summary judgment against indorser banks for amount of each check indorsed and cashed with payee bank — motion by indorser bank for summary judgment against banks brought in by it as additional parties defendant denied, where affidavit does not conform to Rules of Civil Practice, rule 113.

Plaintiff, a depositor in defendant payee bank, is entitled to summary judgment dismissing said defendant's answer and for a judgment for the entire amount claimed in its action against said bank to recover the amount of checks paid on forged indorsements out of plaintiff's funds in said bank, where it appears that the checks were made out to fictitious payees or to persons carried upon plaintiff's payroll after they had left plaintiff's employ; that the names of such fictitious payees or former employees were forged and the checks cashed as the result of a conspiracy of three of plaintiff's trusted employees; that plaintiff in support of its motion presented affidavits executed by the said employees, after their conviction for forgery and while they were confined in prison, setting out that said affiants forged the respective payees' names to said checks without plaintiff's authority; and that the payee bank did not dispute the facts in plaintiff's affidavits, since with plaintiff's claim to the forgeries undisputed and the statements in the affidavits not improbable or inconsistent, no question of fact is submitted for a jury. Moreover, though plaintiff's affidavits were executed by felons, they are none the less creditable, since the test that is applied to affidavits of felons is the same test that is applied to the affidavits of any witness.

A defense of negligence on plaintiff's part and an account stated may only be set up with respect to three checks paid over the counter by the payee bank. However, as a matter of law, plaintiff cannot be charged with negligence, merely because, among other methods of paying its employees, it chose to use

checks. Nor is the defense of negligence upon plaintiff's part available to four additional banks, brought in by the payee bank as parties defendants, where each check sued upon, with the exception of the three paid over payee bank's counter, was indorsed by one of the four additional defendants, and the amount of each check subsequently paid by the payee bank to the particular bank indorsing it.

Plaintiff also was entitled to a dismissal of the answers of the four additional indorser banks in so far as they are effective against plaintiff's complaint.

The mere denials in an answer are not alone sufficient to create an issue on a motion for summary judgment. There also must be presented supporting affidavits.

Summary judgment also should be granted the payee bank against each of the four indorser banks, brought in as additional parties defendants, striking out their respective answers and for judgment in payee bank's favor against each of said indorser banks for the amount presented by the total of the checks set out in plaintiff's complaint which each indorser bank indorsed and cashed with the payee bank.

A motion for summary judgment made by one of the four indorser banks against additional banks brought in by it as additional parties defendants, will be denied, where the affidavit on the motion is not in conformity to rule 113 of the Rules of Civil Practice. However, said motion may be renewed upon an affidavit drawn in conformity with said rule.

MOTION for summary judgment, under rule 113 of the Rules of Civil Practice.

*Falk, Phillips & Schlenker,* for the plaintiff.

*Love & Keating,* for the defendant Manufacturers and Traders National Bank of Buffalo.

*Wilcox & Van Allen,* for the defendant Liberty Bank of Buffalo.

*Kenefick, Cooke, Mitchell & Bass,* for the defendants Buffalo Trust Company and Marine Trust Company of Buffalo.

*Wilbur B. Grandison,* for the defendant Peoples Bank of Buffalo.

*Francis E. Kerwin,* for the defendant Genesee National Bank of Buffalo.

HINKLEY, J.:

The action was originally brought against the defendant Manufacturers and Traders National Bank of Buffalo by the plaintiff as one of its depositors for the amount of certain checks aggregating $15,489.13, paid out of plaintiff's funds in said bank. Plaintiff claims that these checks were made out to fictitious payees or to persons carried upon the payroll of the plaintiff after they had left plaintiff's employ; that the names of such fictitious payees or former employees were forged as a result of a criminal conspiracy of three of plaintiff's trusted employees.

After the action was brought, this court, upon motion of the original sole defendant, Manufacturers and Traders National Bank

**586** Conners C. Co., Inc., *v.* Manufacturers & T. Nat. Bank.

Supreme Court, March, 1925. [Vol. 124

of Buffalo, brought into the action other banks and individuals who had indorsed all but three of the checks over to the defendant Manufacturers and Traders National Bank, and received the money thereon. The plaintiff objected to this order, and it was made without prejudice to the plaintiff. While this yields to such additional defendants the right to contest the issues raised by the answer of the defendant Manufacturers and Traders National Bank, it does not introduce any new issues between the original parties nor extend their original issues.

The introduction of the additional defendants is only confusing when the rights and liabilities of all parties are confused. It is, therefore, imperative that this opinion be confined at first to the action as originally commenced.

Plaintiff, a corporation under contract with the New York Central Railroad Company to do the repair work of the latter corporation, was a depositor with the defendant Manufacturers and Traders National Bank. The method adopted by the plaintiff in paying its employees was as follows, viz.: A principal assistant foreman named Putnam, a timekeeper named Marr and an inspector foreman named Schweitzer, made up the payroll. That payroll was given to the auditor and checks were made out in favor of the employees named in that payroll. The checks were then signed by C. D. Tuppen, treasurer of the plaintiff, and delivered to the chief foreman, who, instead of distributing the checks himself, gave them to the timekeeper, Marr, or the principal assistant foreman, Putnam, for distribution. By a criminal conspiracy by the principal assistant foreman, the inspector and the timekeeper, fictitious names were placed upon the payroll as employees, and the names of former employees were continued after their term of employment had ceased. On the return of the checks to the principal assistant foreman or to the timekeeper, the three men engaged in the criminal conspiracy forged the names of the fictitious payees or former employees upon their respective checks and put the checks in circulation. This continued from November, 1922, until nearly the end of 1923. The plaintiff's officers and employees, except the three wrongdoers, were in ignorance of the forgeries until a notice by plaintiff was sent to a former employee concerning his income tax return.

The three forgers, after their conviction and while incarcerated in the State Prison at Auburn and the Erie County Penitentiary, made affidavits as to each and all the checks upon which plaintiff asked judgment, and swore that they did forge the respective payees' names thereto without any authority from the plaintiff.

Three of these checks, aggregating the sum of $155.74, were paid

over the counter by the defendant Manufacturers and Traders National Bank. The remaining checks were paid by the defendant Manufacturers and Traders National Bank to other banks as indorsers.

The defendant Manufacturers and Traders National Bank presents no affidavit or other evidence in dispute of the affidavits presented by plaintiff upon this motion for summary judgment. The argument of defendant's counsel that such proof would be difficult to obtain would not sanction this court in considering that they were disputed. It is not correct that defendant would have to resort to plaintiff's employees and its books to dispute the forgeries. An obligation rests upon a paying bank to know to whom it pays money upon a check. Each check is a separate item which is or ought to be capable of being traced by indorsements to the one who first received the money thereon. However laborious it might be to trace each one of the many checks involved in this case to the first indorser after the payee's indorsement, that labor could just as well be performed at this time as in preparation for trial.

The argument is advanced that the testimony of the three felons, in affidavit form, presents a question of fact for a jury, even in the absence of any dispute, upon the ground that their testimony is impeached by their convictions. There is no direct authority upon the point. The cases of *Williams* v. *Delaware, Lackawanna & Western R. R. Co.* (155 N. Y. 158) and *People* v. *Chapleau* (121 id. 266), which held that all testimony must go to and be weighed by a jury, cannot mean that every case presents a question of fact for a jury. The statement of the court must be viewed in the light of the radical change of not many years ago when a felon was disqualified as a witness. The court did not intend that the testimony of a felon must always be presented to a jury, but it meant that the testimony of a felon could not be taken from a jury just because he was a felon.

Now that a felon is by statute (Penal Law, § 2444 [formerly Penal Code, § 714], Civ. Prac. Act, § 350 [formerly Code Civ. Proc. § 832]) and by judicial interpretation, a competent witness upon a trial, his testimony must be governed by the rules applicable to that of an unconvicted witness. It is true that the appearance of the felons upon the stand as witnesses, and it is equally true that inconsistencies which might develop upon their cross-examination, might both aid a jury in determining their credibility. Yet that argument applies to a witness not convicted. It is likewise true that the mere fact of a conviction does not make the testimony of a felon unbelievable. The test that must be applied to the

affidavits of the felons in this case is the test to be applied to the affidavit of any witness. The affidavits as to the forgeries are undisputed, the affiants have no interest in the litigation, and their story is not improbable, surprising, suspicious, inconsistent or contradictory. When this test is so applied to the affidavits of the felons in this case, there is no question of fact for a jury. (*Hull* v. *Littauer,* 162 N. Y. 569.)

The defense of negligence on the part of plaintiff and an account stated can only apply to the three checks aggregating $155.74, as the other forged checks were cashed by defendant Manufacturers and Traders National Bank in reliance upon the responsibility of other banks. (*Shipman* v. *Bank of State of New York,* 126 N. Y. 318, 327; *Crawford* v. *West Side Bank,* 100 id. 50.)

The question as to whether a jury might say that an affirmative act of negligence was committed by the plaintiff in the issuance of the three checks paid by defendant Manufacturers and Traders National Bank over its counter, is not free from doubt. Yet the three men who committed the forgeries were trusted employees of the plaintiff, which acted immediately upon discovering evidence of crime. The jury upon a trial would have no right to suggest other methods of paying employees or creating checks upon these trusted employees of the plaintiff. The jury's function would be limited, if permitted to act, to a determination as to whether plaintiff acted as a reasonably prudent person would have acted under the circumstances, without the advantage of the present hindsight. The court at this time cannot speculate as to other methods and checks, but believes that upon all the affidavits, as a matter of law, no negligence is shown upon the part of the plaintiff which is available to the defendant Manufacturers and Traders National Bank. (*Shipman* v. *Bank of State of New York,* 126 N. Y. 318; *Knox* v. *Eden Musee Co.,* 148 id. 441; *People's Trust Co.* v. *Smith,* 215 id. 488; *Ehrich* v. *Guaranty Trust Co.,* 194 App. Div. 658; 233 N. Y. 637.)

Plaintiff is, therefore, entitled to summary judgment dismissing the answer of the defendant Manufacturers and Traders National Bank of Buffalo and, so far as they are effective, if at all, against plaintiff's complaint, plaintiff is entitled to a dismissal of the answers of the other defendants, and for judgment against the defendant Manufacturers and Traders National Bank of Buffalo, in the amount demanded in plaintiff's complaint.

Shortly after action had been commenced by plaintiff against defendant Manufacturers and Traders National Bank, the latter obtained an order from this court to bring in as parties defendant the Liberty Bank of Buffalo, Buffalo Trust Company, Peoples Bank

of Buffalo and Marine Trust Company. The defendant Manufacturers and Traders National Bank then answered and upon proper affidavits asked for summary judgment against the additional defendants, in the event that this court should grant summary judgment against the defendant Manufacturers and Traders National Bank. The affidavits are without dispute that each check upon which plaintiff sues, except the three aggregating $155.74, were indorsed by one of the four additional defendants, to wit, Liberty Bank, Buffalo Trust Company, Peoples Bank of Buffalo, Marine Trust Company, and the amount specified therein was paid by the defendant Manufacturers and Traders National Bank to the one of said four banks whose name was so indorsed. The defense of negligence is not available to these additional defendants. (*Shipman* v. *Bank of State of New York,* 126 N. Y. 318, 329; *Crawford* v. *West Side Bank,* 100 id. 50.)

Mere denials in an answer are insufficient to raise an issue in a motion for summary judgment. (*O'Meara Co.* v. *National Park Bank,* 239 N. Y. 386, 395.)

The position of the defendant Manufacturers and Traders National Bank upon this motion for summary judgment is a peculiar one, due to the interpleader of the other defendant banks, but no different than it would be upon the trial. The court would not be justified in putting a construction upon rule 113 of the Rules of Civil Practice which would prevent the defendant Manufacturers and Traders National Bank from contesting the allegations of forgery, while at the same time it moved for summary judgment against the other defendant banks, in the event that summary judgment was awarded against it, based upon the undisputed proof of such forgeries.

A slight discrepancy appeared concerning one of the checks alleged to have been indorsed by the Marine Trust Company, which error can be readily rectified in the judgment based upon this decision.

It follows, therefore, that summary judgment should be granted herein in favor of defendant Manufacturers and Traders National Bank of Buffalo against the defendants Liberty Bank, Buffalo Trust Company, Peoples Bank of Buffalo and Marine Trust Company, striking out their respective answers as against the defendant Manufacturers and Traders National Bank of Buffalo, and for judgment in favor of the defendant Manufacturers and Traders National Bank of Buffalo against each of said defendant banks for the amount represented by the total of the checks set forth in plaintiff's complaint, which each defendant indorsed and cashed with the defendant Manufacturers and Traders National Bank,

Upon motion of the defendant Peoples Bank of Buffalo, additional defendants were brought into this action, including the Genesee National Bank of Buffalo. The Peoples Bank of Buffalo moved for judgment against these additional defendants, but that motion is based upon an affidavit which does not conform to rule 113. That motion is, therefore, denied, with ten dollars costs to defendant Genesee National Bank of Buffalo, with the privilege to the defendant Peoples Bank of Buffalo to renew its motion upon proper affidavit, within five days after entry of judgment, based upon this decision.

Orders and judgments may be entered herein in accordance with this opinion.