Fuller, Appellant, vs. General Accident Fire & Life Assurance Corporation, Ltd., Respondent.

*April 5—April 27, 1937.*

For the appellant there was a brief by *Fellenz, Boreson, Worthing & Boyle* of Fond du Lac and *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *Martin R. Paulsen.*

For the respondent there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Chas. B. Quarles* of counsel, all of Milwaukee, and oral argument by *Chas. B. Quarles.*

NELSON, J.  The complaint alleges, so far as is here material, that the plaintiff resides in the city of Fond du Lac, and is engaged in the business of selling, distributing, and repairing cash registers, manufactured by the National Cash Register Company; that the defendant is a foreign corporation duly licensed to transact an insurance business in this state; that on or about September 9, 1933, the defendant issued to the plaintiff a workmen's compensation insurance policy wherein and whereby it promised and agreed to insure the plaintiff as an employer against all liability under the Workmen's Compensation Act of this state; that the policy of insurance issued by the defendant contained, among other provisions, the following covenants and agreements:

"One (b) To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada.  In the event of the bankruptcy or insolvency of this employer the corporation shall not be relieved from the payment of such indemnity hereunder as would have been payable but for such bankruptcy or insolvency.  If, because of such bankruptcy or insolvency, an execution against this employer is returned unsatisfied in an action brought by the injured, or by another person claiming by, through or under the injured, then an action may be maintained by the injured, or by such other person claiming by, through or under the injured, against the corporation under the terms of this policy for the amount of the judgment in said action not exceeding the amount of this policy.

"Two To serve this employer (a) by the inspection of work places covered by the policy when and as deemed desirable by the corporation and thereupon to suggest to this employer such changes or improvements as may operate to reduce the number or severity of injuries during work, and, (b) upon notice of such injuries, by investigation thereof and by settlement of any resulting claims in accordance with law.

"Three To defend, in the name and on behalf of this employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent.

"Four To pay all costs taxed against this employer in any legal proceeding defended by the corporation, all interest accruing after entry of judgment and all expenses incurred by the corporation for investigation, negotiation or defense."

That the said policy of insurance was in force and effect on January 17, 1934, at which time the plaintiff had in his employ one Hubert R. Wieland who, on that day, while in the course of his employment, was injured while riding in an automobile operated by the plaintiff; that on or about April 4, 1935, the said Wieland commenced an action against the plaintiff in the circuit court for Fond du Lac county, to recover the sum of $50,000 damages for injuries alleged to have been sustained by him as a result of the negligent operation by the plaintiff of his said automobile; that said action was tried in said court to the court and a jury in May, 1935; that, upon motions after verdict, the court entered judgment dismissing the complaint of the said Wieland upon the merits and with costs; that thereafter the said Wieland appealed to this court from said judgment dismissing his complaint; and that on September 15, 1936, this court entered its order dismissing said appeal, with motion costs in the sum of $10. The complaint further alleges that immediately following the injuries sustained by the said Wieland, the defendant contended and maintained that the said Wieland was not an employee of the plaintiff at the time and place of the accident; that, upon information and belief, the defendant urged and requested the said Wieland to institute the said action against the plaintiff, and supplied funds with which to maintain the said action, and to take an appeal to this court from the judgment entered therein; and that it

was judicially determined in said action that the said Wieland was an employee of the plaintiff at the time and place he received the injuries, and that he was subject to the provisions of the Workmen's Compensation Law, and because of that fact, had no authority to maintain the action against the plaintiff to recover damages for the injuries sustained by him. The plaintiff further alleges that the defendant breached the terms of its policy of insurance, issued to the plaintiff, by failing and refusing to defend the plaintiff in said action, and in assuming a position hostile and antagonistic to the plaintiff; that the sum of $1,655.49 was necessarily expended by the plaintiff or in his behalf, for attorneys' fees, traveling expenses, and costs of investigation in defending the action instituted against him by the said Wieland, and in defending the plaintiff on the appeal taken to this court; and that prior to the commencement of this action the plaintiff duly demanded that the defendant pay the said sum to the plaintiff.

The defendant answered and admitted that it had issued to the plaintiff the workmen's compensation insurance policy containing the clauses set forth in the complaint, but alleged that said policy insured the National Cash Register Company and/or the plaintiff; admitted that the policy of insurance was in force and effect on January 17, 1934, but denied that on said date or at any other time the said Wieland was in the employ of the plaintiff; and alleged that the said Wieland was in the employ of the National Cash Register Company; admitted that on said date the said Wieland was injured while riding in an automobile operated by the plaintiff; admitted the commencement of the action by the said Wieland against the plaintiff, the trial thereof, the entry of the judgment dismissing the complaint of the said Wieland as to the plaintiff; denied that it supplied funds with which to maintain said action against the plaintiff; denied that it breached its policy by failing or refusing to defend the plaintiff in said action, and alleged that no demand or request was

ever made upon it to defend said action; denied upon information and belief that the plaintiff had expended the sum of $1,655.49 or any other sum in the defense of said action, and that said sum or any other sum has been expended in plaintiff's behalf. The defendant further answered alleging that the plaintiff was not the real party in interest in this action, and that at the time said action was commenced and prosecuted a corporation known as Chicago Lloyds had written a policy of insurance covering the plaintiff in the operation of his automobile, and that by said policy said Chicago Lloyds undertook and agreed to defend any action brought against the plaintiff by reason of the operation of his said automobile; that the said Chicago Lloyds defended said action by the same attorneys as are now attorneys of record for the plaintiff in this action; and that the purpose of this action is to recover moneys expended by the said Chicago Lloyds in the defense of said action and in its behalf and not in behalf of the plaintiff.

Thereafter, upon the affidavit of one of its attorneys, the defendant moved for summary judgment dismissing the plaintiff's complaint on the merits with costs. The only affidavit submitted by the defendant or filed with the court in support of defendant's motion for summary judgment was the following:

STATE OF WISCONSIN, }
County of Milwaukee } ss.

Chas. B. Quarles, being first duly sworn, on oath states that he is one of the attorneys for the defendant in the above-entitled action; that he is familiar with the facts set forth in the answer in this case and that all allegations of fact contained in said answer are true.

CHAS. B. QUARLES.

Subscribed and sworn to before me this 17th day of October, 1936.

WILLIAM J. McGOWAN,
Notary Public, Wisconsin.

A counteraffidavit, executed by Martin R. Paulsen, one of the plaintiff's attorneys, was made and filed, the contents of which it is not necessary presently to recite.

The plaintiff contends that the court erred: (1) In granting defendant's motion for summary judgment; (2) in denying plaintiff's motion to review the costs as taxed by the clerk; and (3) in entering judgment dismissing plaintiff's complaint upon the merits and allowing costs to the defendant in the sum of $106. In our view, only the first error assigned need be considered. The plaintiff contends that the court erred in granting defendant's motion for summary judgment because the affidavit filed by the defendant did not at all comply with, or meet the demands of, the statute authorizing the entry of summary judgments. The relevant statute is sec. 270.635, and so far as here material, is as follows:

"(1) Summary judgment may be entered as provided in this section in an action. . . .

"(2) The judgment may be entered in favor of either party, on motion, upon the affidavit of any person who has knowledge thereof, setting forth such evidentiary facts, including documents or copies thereof, as shall, if the motion is by the plaintiff, establish his cause of action sufficiently to entitle him to judgment; *and, if on behalf of the defendant, such evidentiary facts, including documents or copies thereof, as shall show that his denials or defenses are sufficient to defeat the plaintiff, together with the affidavit of the moving party, either that he believes that* there is no defense to the action *or that the action has no merit* (as the case may be) unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial.

"(3) Upon motion by the defendant, if it shall appear to the court that the plaintiff is entitled to a summary judgment, it may be awarded to him even though he has not moved therefor.

"(4) If the proofs submitted, on the motion, convince the court that the only triable issue of fact is the amount of

damages for which judgment should be granted, an immediate hearing to determine such amount shall be ordered to be tried by a referee, or by the court alone or by the court and a jury, whichever shall be appropriate; and, upon the determination of the amount of damages, judgment shall be entered. . . .

"(6) When an answer alleges a defense which is *prima facie* established by documents or public records, judgment may be entered for the defendant unless the plaintiff shows facts sufficient to raise an issue with respect to the verity or conclusiveness of such documents or records."

In our opinion, the affidavit was wholly insufficient to support the defendant's motion for summary judgment. The affidavit does nothing more than recite that the affiant is familiar with the facts set forth in the answer, and that all allegations of fact contained in said answer are true. This amounts to nothing more than a second verification by the attorney, and in no sense complies with the requirements of the statute. The statute requires, as a condition precedent to the entry of a summary judgment in favor of a defendant, that an affidavit by some person who has knowledge thereof shall set forth such evidentiary facts, including documents or copies thereof, as shall show that his denials or defenses are sufficient to defeat the plaintiff, together with an affidavit of the moving party that the action has no merit.

Summary-judgment procedure is comparatively new to this jurisdiction, the procedure having been authorized by rule of court in 1931, and further broadened in its scope by rule of court effective January 1, 1935. *Loehr v. Stenz,* 219 Wis. 361, 364, 263 N. W. 373. The purpose of such a statute or rule is to grant speedy relief, especially in cases where procedural tactics are interposed for purposes of delay. *Fisher v. Sun Underwriters Insurance Co.* 55 R. I. 175, 179 Atl. 702, 103 A. L. R. 1097. The statute clearly requires an affidavit setting forth "evidentiary facts." "Evidentiary

facts" are not the same as "ultimate facts," which ordinarily are, or should be, alleged in pleadings. No attempt was made by the defendant in the affidavit filed to set forth evidentiary facts, documents, etc., and the affidavit added nothing to the verified answer. The defendant also wholly failed to present or file its affidavit, or one in its behalf, to the effect that the affiant believes that the action has no merit. Wholly disregarding the counteraffidavit made by the plaintiff's attorney, we are of the opinion that because the defendant failed to file a sufficient affidavit, and also failed to file an affidavit that the action had no merit, the court had no authority to enter a summary judgment. See *Maurice O'Meara Co. v. National Park Bank of New York,* 239 N. Y. 386, 146 N. E. 630, 39 A. L. R. 747; *Dolgoff v. Schnitzer,* 209 App. Div. 511, 205 N. Y. Supp. 11; and *Sher v. Rodkin* (Sup.), 198 N. Y. Supp. 597; *Kellog v. Kerkshire Bldg. Corp.* 125 Misc. 818, 211 N. Y. Supp. 623; *Twigg v. Twigg,* 117 Misc. 154, 191 N. Y. Supp. 781; affirmed, 202 App. Div. 729, 193 N. Y. Supp. 956 (mem. dec.).

While on the affidavit submitted, the motion for a summary judgment should have been denied, leave should have been granted to renew the motion upon affidavits that comply with the statute. See *William J. Conners Car Co. v. Manufacturers' & Traders' Natl. Bank,* 124 Misc. 584, 209 N. Y. Supp. 406; *A. Sidney Davison Coal Co. v. Interstate C. & D. Co.* (Sup.) 193 N. Y. Supp. 883, and other cases cited in 5 Bryant, Wis. Pl. & Pr. (2d ed.) pp. 263, 264.

While a motion for summary judgment, when properly supported by the required affidavits, searches the record and permits the court to examine the complaint for the purpose of determining whether it states a cause of action, *Sullivan v. State,* 213 Wis. 185, 251 N. W. 251, such a motion is not the same as, or analogous to, a motion for judgment on the

pleadings, though both are intended to expedite proceedings by determining in advance of trial whether there is an issue to try. *Saunders v. Delario,* 135 Misc. 455, 238 N. Y. Supp. 337.

The summary-judgment procedure will no doubt prove a valuable remedy and obviate many of the delays that necessarily occurred under the old procedure. In the proper case, it may be invoked to "smoke-out," as it were, the other party. To a certain extent, it is a harsh remedy not known to the common law, and which was not recognized even in England prior to the English summary proceedings on Bills of Exchange Act, 18 & 19 Vict. C 67, passed in 1855. Most of the states in this country, in which summary proceedings are permitted, provide that such motions may be made only on behalf of plaintiffs. Our statute is broader in that it permits the entry of a summary judgment on motion of a defendant.

Since in our view, the order for summary judgment was improperly granted and the summary judgment improperly entered, it becomes unnecessary to determine whether the pleadings reveal issuable facts which must be submitted to a court or jury, or whether the court erred in sustaining the costs as taxed by the clerk of the court.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings.